# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR250-20

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| MARCUS ANTWON TWITTY. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion (#232) filed by the defendant requesting that the court substitute counsel for the defendant and appoint another attorney to represent the defendant in this matter. Upon the call of this matter on for hearing, it appeared that the defendant was present and that his attorney, Tony E. Rollman was present and that the Government was represented by Assistant United States Attorney, Richard Edwards and from the statements of the defendant and from Mr. Rollman, the court makes the following findings:

**Findings:** The defendant was charged in a bill of indictment filed on October 3, 2006 with conspiracy to distribute a quantity of cocaine and methamphetamine. On December 18, 2006 a first appearance hearing was held for the defendant and at that time the undersigned entered an order finding that the defendant was indigent and appointing counsel for the defendant. On December 21, 2006 an arraignment was held for the defendant. Mr. Rollman had been selected as the attorney to represent the defendant and Mr. Rollman appeared on behalf of the defendant at that time. Previous to arraignment, Mr. Rollman had went to the detention facility and had discussed the matter with the defendant. On the December 21, when Mr. Rollman came to the courtroom to appear on behalf of the defendant

at the arraignment, Mr. Rollman went into the holding facility behind the courtroom. There was a large number of cases that were being handled by the court on that day. As a result a large number of defendants were in the holding cell. In the holding area, there is only one private room where a defendant and his counsel can meet in private. When Mr. Rollman went to talk to the defendant, the private room was being used by another attorney and defendant and as a result, Mr. Rollman was required to discuss the matter with the defendant at the door to the holding cell. The conversation was brief and Mr. Rollman and the defendant thereafter had an opportunity to speak to each other in the courtroom.

In a document filed on January 5, 2007 the defendant objected to Mr. Rollman representing him. In his filing, the defendant states, "My lawyer and I have a conflict of interest at hand", and further states that Mr. Rollman discussed the facts of the defendant's case in front of other prisoners in the holding cell.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (A) timeliness of the defendant's motion; (B) inquiry as to the reasons why the defendant does not wish for Mr. Rollman to represent

2

him further; and (C) whether or not there is such a conflict between the defendant and Mr. Rollman that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The defendant filed his motion on January 3, 2007. Considering that this matter was continued by the District Court on December 27, 2006 which will result in the matter not being heard for trial until the March 2007 session, the defendant's motion is timely and has been brought forward at an early stage in the proceedings. As a result, this factor must be weighed in favor of granting the motion of the defendant.

The undersigned inquired as to the reasons of the conflict between the defendant and Mr. Rollman. The defendant stated that he wanted to talk to Mr. Rollman in private regarding his case. Upon inquiry, the undersigned discovered that Mr. Rollman had been to the detention facility to talk to the defendant, both prior to the arraignment on December 21st and also that he had been to the detention facility after the arraignment to talk to the defendant in private. In total Mr. Rollman has met with the defendant on three occasions. Upon inquiry, the undersigned further finds that the holding cell area in the rear of the Courtroom #2 at the United States Courthouse in Asheville has only one private room where an attorney and a defendant can meet in private. On December 21, 2006 there was a large number of cases that were being heard during that session of court. There were a host of defendants and attorneys who were having to meet through the door of the holding cell because the private room was being used. When Mr. Rollman arrived on December 21st he

went back to discuss the issues that would be presented in the arraignment with the defendant and found that the private room was being used. He had a short conversation with the defendant at the door of the holding cell which was the same procedure that was having to be used by many other defendants and their attorneys. Mr. Rollman is of the opinion that he has been performing his job in representing the defendant and that there is no basis for the defendant's opinion that he is not providing good representation. However, Mr. Rollman advised the court that due to the fact that the defendant's motion was made at an early time that he had no objection whatsoever to being removed as counsel for the defendant.

The court has further examined the matter to determine whether or not there is such a conflict between Mr. Rollman and the defendant that there is a total lack of communication between them preventing an adequate defense. The court pointed out to the defendant that Mr. Rollman had been diligent in meeting with the defendant and had done so on several occasions. The court further pointed out to the defendant that Mr. Rollman was simply doing the best that he could with the facilities at hand and that it did not appear there had been any prejudice to the defense of the charges against the defendant by Mr. Rollman briefly meeting with the defendant at the door to the detention facility. The undersigned also pointed out to the defendant that Mr. Rollman was an excellent attorney who was experienced in the defense of criminal matters and that if the defendant's motion was granted that there were no guarantees that an attorney would be appointed who was as skilled as Mr. Rollman. In addition, and finally, the court pointed out to the defendant that most of the complaints

received by the court by defendants in regard to their appointed counsel were in regard to counsel not meeting with the defendant nor discussing the case with the defendant.  In this instance, Mr. Rollman has been more than diligent in meeting with the defendant.

After considering all the factors, it appears that there is time sufficient before trial in which to appoint other counsel but that as a result of the inquiry made by the undersigned, the undersigned can find no good reason for the appointment of another attorney and that there does not appear to be a lack of communication between Mr. Rollman and the defendant that would prevent an adequate defense.  Indeed, it appears that there has been and will continue to be a level of communication that would promote an adequate defense in this case.

The undersigned inquired of Mr. Rollman about whether or not Mr. Rollman's defense would not be as vigorous in this case for the defendant based upon the defendant's motion.  Mr. Rollman assured the court that he would continue on with a vigorous defense for the defendant.

Based upon the foregoing, the undersigned has determined to enter an order denying the defendant's motion (#232) to substitute counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the motion (#232) of Marcus Antwon Twitty is hereby **DENIED**.

Signed: January 17, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge